COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Alphonson Damon Malone v. The State of Texas

Appellate case numbers:  01-14-00054-CR

Trial court case number:  1899612

Trial court:                     County Criminal Court at Law No. 8 of Harris County

Based on appellant's motion for rehearing, further review of the reporter's record filed with this Court, and the transcript of the hearing on Malone's motion to suppress, it appears that the DVD provided in the reporter's record as "State's Exhibit 1" is not the original copy of "State's Exhibit 1" or the original copy may have been lost or destroyed. *See* TEX. R. APP. P. 34.6(e)(2), (3), (f). Accordingly, we abate the appeal and remand the case for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office, appellant's attorney Gary Tabakman, and the court reporter, Sondra Humphrey, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed- circuit video teleconferencing.

The trial court is directed to:

(1) Determine whether the *audio* recording transmitted to this court as "State's Exhibit 1" provided in the reporter's record to this court is the same *video* recording shown to the trial court at the hearing on December 6, 2013;

(2) Determine whether any audio or video recording from the trial of this cause has been omitted from the reporter's record filed with this Court;

(3) If any audio or video recording from the trial has been omitted from the reporter's record on file with this Court and can be prepared, certified, and filed by a certified court reporter, order the court reporter to prepare, certify and file a supplemental reporter's record containing the missing portions of the trial proceedings, and provide a deadline for filing the supplemental record of no later than 30 days from the date of the abatement hearing in the trial court;

(4) If any audio or video recording has been omitted from the reporter's record on file with this Court and cannot be prepared, certified, and filed in a supplemental reporter's record, determine:

    a. Whether the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

    b. Whether the lost or destroyed portion of the reporter's record can be replaced by agreement of the parties;

(5) Make any other findings and recommendations the trial court deems appropriate; and

(6) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. GOV'T CODE ANN. § 52.046 (West 2013); TEX. R. APP. P. 13.1(a), 34.6(d), (e)(2), (3), (f), 35.3(b), (c).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Jane Bland
               ☒ Acting individually    ☐ Acting for the Court

Date: June 30, 2015